THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FREDERICK N. GOLDSMITH, Doing Business under the Name of F. N. GOLDSMITH FINANCIAL SERVICE, Defendant.

Supreme Court, Trial Term, New York County, December 6, 1948.

*Nathaniel L. Goldstein, Attorney-General (John W. M. Ruten-berg* and *Leonard E. Russack* of counsel), for plaintiff.

*John J. Dowling* for defendant.

SCHREIBER, J. This action was instituted on behalf of the People of the State of New York by the Attorney-General pursuant to article 23-A of the General Business Law (§ 352 *et seq.*) known as the Martin Law.

The defendant maintained an office in New York City and was engaged in the business of writing and distributing a market letter to the public which attempted to forecast and predict future prices of securities and commodities.

Subscribers were led to believe that the defendant used statistics, financial reports and charts in preparing his market letter which contained recommendations and prognostications of future price movements. The letter was also so worded as to imply that the defendant had sources of special and secret information concerning stock movements.

To a large extent the true sources of the information were without foundation, valueless, worthless and of such type that dissemination thereof by the defendant was fraudulent, reckless and without concern for the public welfare.

The subscribers to the defendant's daily market letter had the right to assume that the defendant possessed a superior knowledge of the stock market, that whatever information he had came from living persons and recognized sources and not as a result of his interpretations of comic strips. When he failed to inform the subscribers of the alleged sources of information he was concealing a material fact.

The court finds that all the material allegations of the complaint have been fully sustained by the evidence; that the defendant engaged in a '' practice or transaction or course of business relating to the purchase or sale of securities '' (General Business Law, art. 23-A, § 352, subd. 1), and that his activities fall within the scope of the Martin Law, which I find has been violated by him.

Judgment for the plaintiff. No costs. Settle judgment.